John B. Thorsness
Clapp, Peterson, Tiemessen,
Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501
(907) 272-9272 – phone
jbt@cplawak.com
Attorneys for Defendant
Freedom Arms, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM HYTER, SANDRA HYTER,<br><br>    Plaintiffs,<br><br>v.<br><br>FREEDOM ARMS, INC., Predecessors and/or Successors of Freedom Arms, Inc., and/or Subsidiaries and/or Related Business Entities, and JOHN DOES I-XX,,<br><br>    Defendant(s). | Case No. 3:19-cv-_____ |

# NOTICE OF REMOVAL
## (Demand for Jury Trial)

**PLEASE TAKE NOTICE** that Defendant Freedom Arms, Inc. ("Freedom Arms") by and through its undersigned counsel, hereby submits this Notice of Removal of the above-entitled action from the Superior Court for the State of Alaska, Third Judicial District at Anchorage, to the United States District Court for the District of

Alaska, Anchorage. By this petition, Defendants give notice of removal of this action. This notice of, and petition for, removal is made pursuant to 28 U.S.C. §§ 1332, 1442, and 1446, and is proper and appropriate based on the following:

**I.     Introduction**

1.     Defendants hereby exercise their right under the provisions of 28 U.S.C. §§ 1441, *et seq.*, to remove this case from the Superior Court for the State of Alaska, Third Judicial District at Anchorage, where this case is pending under the case style of <u>William Hyter and Sandra Hyter v. Freedom Arms, Inc., Predecessors And/or Successors of Freedom Arms, Inc., And/or Subsidiaries and/or Related Business Entities, and John Does I-XX</u>, Case Number 3AN-19-09923CI. Specifically, 28 U.S.C. § 1441 provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where the action is pending.

28 U.S.C. § 1441(a).

2.     On or about October 30, 2019, Plaintiffs William and Sandra Hyter ("<u>Plaintiffs</u>") filed the Amended Complaint (the "<u>Complaint</u>" attached hereto as <u>Exhibit A</u>) asserting strict liability, failure to warn, breach of implied and actual warranty, failure to recall/retrofit, consumer protection/statutes/common law, ultra-hazardous activity, and negligence against Freedom Arms and numerous fictious Defendants. (<u>See</u> Ex. A., Plt. Compl.) Plaintiffs allege Mr. Hyter was injured when his Freedom Arms Model 83

revolver discharged upon being accidentally dropped leading to permanent severe shoulder and arm injuries, pain and suffering, past and future medical expenses, and loss of earnings and earning capacity. (See id. at ¶ 1.) Plaintiffs further allege that, as a result of Mr. Hyter's injuries, Sandra Hyter suffered a loss in shared activities and consortium, and suffered emotional distress from the incident giving rise to Mr. Hyter's injuries. (See id.) Plaintiffs further seek punitive damages. (See id. at ¶¶ 35-40.)

3. This action has not been tried.

4. Although it has not been served, Freedom Arms voluntarily appears in this action for purposes of removal but reserves all objections, arguments, and defenses to Plaintiffs' Complaint. Thus, this Notice of Removal is filed subject to and with reservation of rights by Freedom Arms, including but not limited to, defenses to venue, deficiencies in service, personal jurisdiction, and any other defense Freedom Arms might have available to it. A responsive pleading or motion will be filed in accordance with Rule 81 of the Federal Rules of Civil Procedure ("Federal Rules").

## II. Notice of Removal is Timely

5. This Notice of Removal is timely filed in accordance with the requirements of 28 U.S.C. § 1446(b) and Federal Rule 12.

## III. Original Jurisdiction Exists Because the Parties are Diverse

6. Removal is authorized by 28 U.S.C. § 1441 and is based on the United States District Court's original jurisdiction of the case pursuant to 28 U.S.C. § 1332

because (i) there is diversity of citizenship between Plaintiffs and the Defendant and (ii) the amount in controversy exceeds $75,000.

## IV. Plaintiff and Defendants are Diverse

7. Upon information and belief, and as alleged in their Complaint, Plaintiffs William and Sandra Hyter are individuals who reside in Alaska. (Ex. A, Plt. Compl. at ¶ 1.) Thus, Plaintiffs are citizens of Alaska.

8. At the time of the commencement of this action, and at all times thereafter, Freedom Arms, Inc. is a corporation formed under the laws of the State of Wyoming with its principal place of business in the State of Wyoming. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." See 28 U.S.C. § 1332(c)(1)). Therefore, Defendant Freedom Arms, Inc. is a citizen of the State of Wyoming. See 28 U.S.C. § 1332(c)(1)).

9. All remaining Defendants have been sued under fictitious names; therefore, their citizenship shall be disregarded for purposes of determining diversity. See 28 U.S.C. § 1441(b)(1).

10. Based on the foregoing, complete diversity of citizenship exists between Plaintiffs (Alaska) and Defendant (Wyoming). See 28 U.S.C. § 1332(a).

## V. The Amount in Controversy Exceeds $75,000

11. Plaintiffs have pleaded an amount in controversy in excess of $100,000. (See Ex. A., Plt. Compl. at ¶ 10.) "If removal of a civil action is sought on the basis of jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed the amount in controversy." 28 U.S.C. § 1446(c)(2). In this case, Plaintiffs allege Mr. Hyter suffered permanent severe shoulder and arm injuries, pain and suffering, past and future medical expenses, and loss of earnings and earning capacity. (See id. at ¶ 1.) In addition, Plaintiffs allege that, Sandra Hyter suffered a loss in shared activities and consortium, and suffered emotional distress from the incident giving rise to Mr. Hyter's injuries. (See id.) Plaintiffs also seek punitive damages. (See id. at ¶¶ 35-40.) Thus, Plaintiffs have demanded a sum in good faith, and the amount in controversy requirement is satisfied. See Abrego v. Dow Chem. Co., 443 F.3d 676, 683 n.8 (9th Cir. 2006) ("If the complaint filed in state court alleges damages in excess of the required amount, remand is warranted only if it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional minimum."); Singer v. State Farm Mut. Auto Ins. Co., 116 F. 3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.").

## VI. Conformity with the Rule of Unanimity

12. The "rule of unanimity" requires that all defendants to an action who have been served or otherwise properly joined in an action join in the removal or consent to removal. See 28 U.S.C. § 1446(b)(2)(A). Freedom Arms is the only named Defendant. Therefore, the rule of unanimity is satisfied.

## VII. Removal to This District is Proper

13. Pursuant to 28 U.S.C. §§ 1441, *et seq.*, the right exists to remove this case from the Superior Court for the State of Alaska, Third Judicial District at Anchorage, to the United States District Court for the District of Alaska, Anchorage, which embraces the place where the action is pending. Further, pursuant to Local Civil Rule 3.2, venue of this matter in Anchorage is warranted as the court location in the same city as the original state court action. See Local Civil Rule 3.2(b)(2).

## VIII. Conclusion

14. Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Clerk of the Superior Court for the State of Alaska, Third Judicial District at Anchorage, as required by law, and a copy of this Notice of Removal is being served on Plaintiff.

15. Defendant reserves the right to amend or supplement this Notice of Removal, and Defendant reserves all defenses.

**WHEREFORE**, Defendant prays that this case be removed from the Superior Court for the State of Alaska, Third Judicial District at Anchorage, to this Court for the exercise of jurisdiction over this action as though this case had been originally instituted in this Court and that no further proceedings be had in the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

DATED at Anchorage, Alaska, this 11th day of November, 2019.

> CLAPP, PETERSON, TIEMESSEN,
> THORSNESS LLC
> Attorneys for Defendant Freedom Arms, Inc.
>
> By  s/ John B. Thorsness
>     John B. Thorsness, ABA No. 8211154

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of November, 2019, a copy of the foregoing document was served via US Mail on:

Phillip P. Weidner, Esq.
Phillip Paul Weidner & Associates
943 W. 6th Ave., Suite 300
Anchorage, AK  99501

By:  s/ John B. Thorsness

*Notice of Removal*
*Hyter v. Freedom Arms, Inc.,* Case No. 3:19-cv-_____
Page 7 of 7