IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

WILLIAM HYTER, SANDRA HYTER, )
)
    Plaintiffs, )
  v. )
)
FREEDOM ARMS, INC., Predecessors )
And/or Successors of Freedom Arms, Inc., )
And/or Subsidiaries and/or Related )
Business Entities, and JOHN DOES I-XX, )
)
    Defendant(s) )
_____)

Case No. 3AN-19-09923 CI

## AMENDED COMPLAINT

COMES NOW the Plaintiffs William Hyter and Sandra Hyter, and hereby state, complaint, and allege as their case, of actions in this matter as follows:

1.    Plaintiff William Hyter is married to Sandra Hyter. They are and were at all times pertinent hereto, residents of the State of Alaska. On July 7, 2018, William Hyter was severely injured when his 454 Cassul Freedom Arms firearm [FA Model 83 revolver; (specification of model number is without prejudice to amend to conform to proof)] discharged upon being accidentally dropped. The FA Model 83 is and was defectively designed and manufactured, not equipped with appropriate safety features to protect people from the firearm firing if it is dropped or the hammer and/or firing pin were impacted without the trigger being pulled, with no adequate safety, hammer block or firing pin block. Defendant Freedom Arms, Inc., has long known of these dangers and defects. Plaintiff William Hyter has suffered permanent severe shoulder and arm injuries, pain and suffering, past and future medical expenses, loss of earnings and earning capacity, and other damages. Sandra Hyter has suffered a loss in shared activities and consortium. She has also suffered and is suffering emotional distress from seeing the shooting and injuries to

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE ALASKA, 99501
TEL (907) 276-1200
FAX (907) 278-6571

her husband and fearing that her husband would die. The plaintiffs were in a remote location far from immediate help.

2. Freedom Firearms, Inc., on information and belief, is a Wyoming-based firearm company which has done and is doing business in the State of Alaska and which designed and/or manufactured and/or sold the FA Model 83 revolver involved in this case without adequate safety features, and with such defects and dangers.

3. Certain defendants and/or John Does I through XX are manufacturers, distributors, wholesalers, retailers, suppliers, advertisers, patent holders, and/or licensees of the firearm and/or component parts of the firearm that is the subject of the instant litigation.

4. The true names of John Does I-XX are at present unknown, but will be amended with due diligence when discovered.

5. FREEDOM ARMS, INC., Predecessors And/or Successors of Freedom Arms, Inc., And/or Subsidiaries and/or Related Business Entities defendants and/or John Does I through XX are investors and/or officers and/or employees and/or supervisors of named defendants, and have authority to supervise the affairs of same, and on certain occasions did actually supervise the affairs of same, and further, did have the duty to supervise the affairs of same.

6. Certain defendants and/or John Does I through XX are predecessors and/or successors in interest of named defendants and/or John Does I through XX named in paragraphs 4 through

7. Certain defendants and/or John Does I through XX are parent companies and/or subsidiaries and/or related business entities of named defendants and/or John Does I through XX named in paragraphs 2 through 6.

COMPLAINT
*Hyter v. Freedom Arms*
Page 2 of 10

Exhibit A
Page 2 of 10

Case 3:19-cv-00292-TMB   Document 1-1   Filed 11/12/19   Page 2 of 10

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE ALASKA, 99501
TEL. (907) 276-1200
FAX. (907) 278-6571

8. It is the intent of this complaint to give notice to and sue all of such responsible parties. Named Defendants herein, are expected to notify investors, stockholders, directors, officers, employees, patent holders, license holders, manufacturers, distributors, wholesalers, retailers, suppliers, and advertisers, of said companies, and/or any John Doe and/or other Defendants mentioned in the complaint of which Defendants have knowledge, concerning the complaint and allegations herein. The true names of John Does I through XX are at present unknown, but will be amended with due diligence when discovered.

9. Freedom Arms, Inc. and all culpable Defendants, knew or should have known that said firearm and/or component parts incorporated into their firearms would be sold or distributed in the State of Alaska and knew the defects and dangers created before the instant injury. Defendant had an obligation and responsibility to design and manufacture and sell and introduce into the stream of commerce, firearms free of defects and dangers, to ensure that all component parts of said firearms were designed and manufactured in compliance with the product specifications and were free of defects, and/or safety dangers and that said firearms incorporated appropriate safety features and to take immediate remedial measures, including warning users of defects and/or danger in its firearms, once defendant knew, or reasonably should have known, of any safety dangers, design and/or manufacturing defects in any firearms or component parts defendant(s) designed and/or manufactured and/or sold and/or introduced into the stream of commerce, and had and has an obligation and responsibility to issue immediate and effective recall notices that will reach all users of their firearms utilizing the defectively designed and/or manufactured firearm(s). Defendant failed in a negligent and/or willful and/or recklessly indifferent manner to do so.

## VENUE AND JURISDICTION

COMPLAINT
Hyter v. Freedom Arms
Page 3 of 10

Exhibit A
Page 3 of 10

Case 3:19-cv-00292-TMB Document 1-1 Filed 11/12/19 Page 3 of 10

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE ALASKA, 99501
TEL (907) 276-1200
FAX (907) 278-6571

10. Superior Court for the State of Alaska at Anchorage has jurisdiction and venue in this matter because the claim arose in the State of Alaska, and further, the amount in controversy is in excess of $100,000.

## FACTS RELATING TO CULPABLE CONDUCT

11. William Hyter was severely injured on July 7, 2018, in or near Girdwood, Alaska, as a result of a gunshot wound, due, upon information and belief, to the dangerous and defective nature and/or design and/or manufacture and/or sale of a FA Model 83 revolver firearm by Defendants, serial number(s) DF3668, (said model number and serial number are without prejudice to amend to conform to proof) and the defendants' culpable conduct as to same, including their failure to warn of or remedy said defect(s) or to take appropriate action to protect the public and potential users and/or bystanders such as the plaintiffs, and certain other culpable conduct of the defendants.

12. Upon information and belief, the FA Model 83 revolver lacked an effective safety and/or hammer block and/or firing pin block or other device to protect from accidental or inappropriate discharge when accidentally dropped and/or the trigger was not pulled. It was also designed to have a devastating effect when it discharged and is designed to cause catastrophic injuries.

13. William Hyter did not intend to discharge the gun. However, the gun discharged when it accidentally fell from its holster and the bullet struck Mr. Hyter in or near his shoulder.

14. Defendants knowingly and foreseeably expected the FA Model 83 revolver so sold to reach consumers or users in the condition in which it was defective and dangerous and sold and knew that victims such as the plaintiff would be in the zone of danger.

COMPLAINT
Hyter v. Freedom Arms
Page 4 of 10

Exhibit A
Page 4 of 10

Case 3:19-cv-00292-TMB   Document 1-1   Filed 11/12/19   Page 4 of 10

15. When Mr. Hyter sustained the injuries alleged above, the subject gun, upon information and belief, was in a defective condition and was unreasonably dangerous to a user, consumer or foreseeable bystanders.

16. Upon information and belief, the subject gun of the instant litigation was designed and manufactured with a defective safety and/or fire control mechanism.

17. The defendant was and is aware of other cases in which same or similar defect(s) have resulted in the accidental discharge of its guns and/or similar firearms, and failed to adequately and effectively recall and/or replace said firearms and/or its parts in order to correct the defective condition(s) that are unreasonably dangerous to the user, consumer, or bystander, or to warn the public of same or adequately attempt to remedy the dangers of said defect(s) and danger.

18. The FA Model 83 revolver that is the subject of the instant litigation, upon information and belief, had a manufacturing defect, the precise mechanism and details of which are as yet unknown to the plaintiff. However, said defects were such that the subject gun discharged accidentally.

19. The design and/or manufacture and/or advertising and/or sale and/or introduction of firearms such as the subject firearm, into the stream of commerce, is an ultra-hazardous activity, and/or unreasonably dangerous to the foreseeable user, and the persons and/or business entities doing so, are strictly liable as to the harm resulting from accidents as to same.

20. Plaintiffs were injured as a direct and proximate result of the wrongful and culpable actions of the defendants as set out above and as further discussed below, and further, due to the fact that said wrongful and culpable acts of the defendants, including acts and/or omissions, were a substantial factor in causation of said injuries to Plaintiffs William Hyter and Sandra Hyter, and Defendants are liable for all claims and damages.

COMPLAINT
Hyter v. Freedom Arms
Page 5 of 10

Exhibit A
Page 5 of 10

Case 3:19-cv-00292-TMB   Document 1-1   Filed 11/12/19   Page 5 of 10

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE ALASKA, 99501
TEL (907) 276-1200
FAX (907) 278-6571

## FIRST CAUSE OF ACTION
## STRICT LIABILITY

21. Plaintiffs re-allege, re-plead, re-complain and restate as their causes of action herein Paragraphs 1 through 20 above as though fully set out.

22. Defendants are strictly liable for the defective and improperly designed and/or manufactured and/or produced and/or tested and/or inspected and/or installed and/or advertised and/or warranted and/or sold firearm and components thereto, and the danger therein for its defective design and manufacture, and for failing to adequately warn of the dangers attributed to the use of the subject defective firearm, for failing to adequately and effectively recall when the dangers became known, or should have been known, and for failing to remedy the defects and dangers. Specifically, the Defendants are liable for their failure to design and/or manufacture and/or produce and/or distribute and/or install an appropriate safety and/or hammer block and/or firing pin block on the firearm the subject of this suit, and/or to recall and/or retrofit due to lack of an adequate safety and/or hammer block and/or firing pin block, and/or offer to install and/or make available and/or warn as to the dangers. Defendants may also be liable as to further defect(s) and dangers which may be revealed as discovery and investigation proceeds in this suit and will be more specifically identified in that event.

## SECOND CAUSE OF ACTION
## FAILURE TO WARN

23. Plaintiffs re-allege, re-plead, re-complain and restate as their causes of action herein Paragraphs 1 through 22 above as though fully set out.

24. Defendants are liable due to their failure to warn in violation of their duty to do so.

## THIRD CAUSE OF ACTION
## BREACH OF IMPLIED AND ACTUAL WARRANTY

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE, ALASKA, 99501
TEL (907) 276-1200
FAX (907) 278-6571

Exhibit A
Page 6 of 10
COMPLAINT
Hyter v. Freedom Arms
Page 6 of 10
Case 3:19-cv-00292-TMB  Document 1-1  Filed 11/12/19  Page 6 of 10

25. Plaintiffs re-allege, re-plead, re-complain and restate as their causes of action herein Paragraphs 1 through 24 above as though fully set out.

26. Defendants are liable due to their breach of actual and/or implied warranty.

### FOURTH CAUSE OF ACTION
### FAILURE TO RECALL/RETROFIT

27. Plaintiffs re-allege, re-plead, re-complain and restate as their causes of action herein Paragraphs 1 through 26 above as though fully set out.

28. Defendants are liable due to their failure to institute an effective recall campaign and/or recordkeeping policy and/or advertising campaign to be able to notify consumers and/or to adequately explain the hazards that made the firearms subject to recall, and the dangers from same, and the necessity of remedial and protective actions and measures.

### FIFTH CAUSE OF ACTION
### CONSUMER PROECTECTION/STATUTES/COMMON LAW

29. Plaintiffs re-allege, re-plead, re-complain and restate as their causes of action herein Paragraphs 1 through 22 above as though fully set out.

30. Defendant is liable due to violations of applicable federal and state consumer protection laws.

### SIXTH CAUSE OF ACTION
### ULTRA-HAZARDOUS ACTIVITY

31. Plaintiff's re-alleged, re-plead, re-complain and restate as their causes of action herein Paragraphs 1 through 30 above as though fully set out.

32. Defendant is liable, due to the doctrine that they have engaged in an ultra-hazardous activity, and they are liable for same.

### SEVENTH CAUSE(S) OF ACTION
### NEGLIGENCE

COMPLAINT
Hyter v. Freedom Arms
Page 7 of 10

Exhibit A
Page 7 of 10

Case 3:19-cv-00292-TMB   Document 1-1   Filed 11/12/19   Page 7 of 10

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE ALASKA, 99501
TEL. (907) 276-1200
FAX. (907) 278-6571

33. Plaintiffs re-alleged, re-plead, re-complain and restate as their causes of action herein Paragraphs 1 through 32 above as though fully set out.

34. By virtue of its culpable conduct and/or failure to act, and the circumstances of the accident and the damages the plaintiffs suffered and to be suffered by the plaintiffs thereby, the defendant is liable to the plaintiffs for all appropriate damages and relief under the applicable statutes and common law negligence.

## EIGHTH CAUSE OF ACTION
## PUNITIVE DAMAGES

35. Plaintiffs re-alleged, re-plead, re-complain and restate as their causes of action herein Paragraphs 1 through 34 above as though fully set out.

36. The acts and/or omissions of the Defendants in design and/or selling and/or manufacture of and warranty of the defective and dangerous firearm and failing to warn and/or recall and/or retrofit, as alleged herein, as to a known and serious risk of harm from the use of the firearm constitutes a flagrant indifference to public safety, thus entitling Plaintiffs to an award of punitive damages.

37. The acts and/or omissions of the Defendants, in knowingly violating recognized safety standards of the industry, and in marketing the product, constitutes flagrant indifference to public safety, thereby entitling Plaintiffs to an award of punitive damages.

38. Defendant acted with reckless and/or grossly reckless and/or willful and/or wanton disregard for the safety of William Hyter and Sandra Hyter, and those persons similarly situated, in designing, manufacturing, disturbing, wholesaling, retailing, supplying, and/or advertising the gun, the subject of instant litigation and similar firearms and incidents, and failing and refusing to take appropriate remedial steps as to same. Defendants willfully failed to correct defects that they knew existed in firearm and/or design of the firearm and/or replace said product(s), and willfully
WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE ALASKA, 99501
TEL. (907) 276-1200
FAX. (907) 278-6571

COMPLAINT
Hyter v. Freedom Arms
Page 8 of 10

Exhibit A
Page 8 of 10

Case 3:19-cv-00292-TMB   Document 1-1   Filed 11/12/19   Page 8 of 10

continued to design and/or manufacture said firearm and similar firearms with the knowledge and awareness of the defects that existed all the way up to the time of the manufacture and sale of the firearm involved in the instant litigation and even beyond that point to the present time. As a result of defendants' disregard for the safety of the general public, defendants should be held liable for the punitive damages in an amount with due regard to the profits they have garnered from the sale of said defective type of firearm and similar firearms since its initial manufacture until the present time, and due regard for the total gross proceeds of same. Defendants should be liable for individual punitive damages, and jointly and severally liable for punitive damages.

39. Due to the nature of the culpable conduct and the nature of the accident, defendants should be fully liable and there should be no apportionment of fault to any plaintiffs.

40. Further, the culpable conduct of the defendants as pled herein, and as to be more fully proven at trial, including their failure and/or refusal to remedy the dangers of the defects(s) and/or warn the public of same, and/or institute a recall, all of which was done willfully, wantonly, and with reckless disregard for the interests of another person, so as to call for the appropriate imposition of punitive damages in an amount to punish, chill and deter such conduct in the future, with due regard for the nature of the culpable conduct of said defendants, the profits derived from same, and the net worth and assets of said defendants. Said punitive damages are due in an appropriate fashion against the individual given the nature of the relationship to said culpable conduct, and their financial status and net worth and profits.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray that after jury trial and verdict, the following relief be granted:

COMPLAINT
*Hyter v. Freedom Arms*
Page 9 of 10

Exhibit A
Page 9 of 10

Case 3:19-cv-00292-TMB   Document 1-1   Filed 11/12/19   Page 9 of 10

41. As to plaintiff WILLIAM HYTER, an appropriate award and judgement against the defendants jointly and/or severally for emotional distress, and loss of the past and future consortium in an amount in excess of $100,000.

42. As to plaintiff SANDRA HYTER, an appropriate award and judgment against the defendants jointly and/or severally for emotional distress, and loss of past and future consortium in an amount in excess of $100,000.

43. In addition, for punitive damages against defendant, in favor of plaintiffs in an appropriate amount to chill and deter such similar conduct in the future with due regard to the culpable conduct of each and every defendant at issue, and further with due regards to each Defendant's net worth and the amount of profit made by said defendant from the culpable conduct at issue;

44. For appropriate prejudgment and post-judgment interest in the maximum amount allowable by law;

45. For costs and attorney's fees as to each award in the maximum amount allowable by law;

46. For each other and further relief as the court deems just and equitable; and for Jury trial.

RESPECTFULLY SUBMITTED this 30th day of October, 2019.

WEIDNER & ASSOCIATES, APC
Counsel for Plaintiffs

Phillip Paul Weidner
ABA 7305032

Exhibit A
Page 10 of 10
COMPLAINT
Hyter v. Freedom Arms
Page 10 of 10
Case 3:19-cv-00292-TMB   Document 1-1   Filed 11/12/19   Page 10 of 10

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE ALASKA, 99501
TEL (907) 276-1200
FAX (907) 278-6571