# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*William Hyter, et al. v. Freedom Arms, Inc., et al.*
Case No. 3:19-cv-00292-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

This matter comes before the Court on Plaintiffs William and Sandra Hyter's Cross-Motion for Partial Summary Judgment ("Cross-Motion") filed on November 8, 2022,[1] Defendant Freedom Arms, Inc.'s Unopposed Motion for Extension of Time,[2] and Plaintiffs' "Non-Opposition and Response" to the Motion for Extension of Time.[3]

Procedural History

Dispositive motions were due on or before October 17, 2022 and responses were due on or before November 7, 2022.[4] Defendant filed a Motion to Preclude Plaintiffs' Expert Jack Belk ("Motion to Preclude")[5] and a Motion for Summary Judgment on October 17, 2022.[6] On October 31, 2022, Plaintiffs sought an expedited extension of time to file their response to the Motion to Preclude, which the Court granted.[7] Thereafter, Plaintiffs timely filed their Opposition to the Motion to Preclude on November 2, 2022.[8] On November 7, 2022, Plaintiffs timely filed their Opposition to Defendant's Motion for Summary Judgment[9] and also filed their Cross-Motion.

On November 8, 2022, Defendant filed a Motion for Extension of Time on expedited consideration.[10] Defendant sought an extension of time to file a reply in support of its Motion to Preclude,[11] a reply in support of its Motion for Summary Judgment,[12] and an opposition to the

---

[1] Dkt. 75 (Cross-Motion for Summary Judgment).
[2] Dkt. 77 (Unopposed Motion for Extension of Time).
[3] Dkt. 81 (Non-Opposition and Response to Motion for Extension of Time). The Court notes that this filing indicates non-opposition to the extended deadlines that Defendant requests but opposes other aspects of the Motion for Extension of Time.
[4] Dkt. 62 (Minute Order).
[5] Dkt. 63 (Motion to Preclude Plaintiffs' Expert Jack Belk).
[6] Dkt. 64 (Motion for Summary Judgment).
[7] Dkts. 66, 67, 68, 69, 70.
[8] Dkts. 72 (Plaintiffs' Opposition to Motion to Preclude), 71 (Notice of Filing Exhibits).
[9] Dkt. 74 (Plaintiffs' Opposition to Motion for Summary Judgment).
[10] Dkts. 77 (Motion for Extension of Time), 78 (Motion for Expedited Consideration).
[11] Dkt. 63.
[12] Dkt. 64.

1

Cross-Motion.[13] Defendant requested that the Court set a November 30, 2022 deadline for these three briefs, arguing that doing so would "help focus and target the briefing."[14]

On November 9, 2022, the Court granted in part Defendant's Motion for Extension of Time, making Defendant's reply in support of its Motion to Preclude due on or before November 15, 2022.[15] The Court stayed Defendant's remaining requests regarding deadlines for (1) a reply in support of Defendant's Motion for Summary Judgment and (2) an opposition to the Cross-Motion.[16] The Court now addresses these requests, but first addresses Plaintiffs' late-filed Cross-Motion.

Background

The Court has granted a plethora of requests, both to amend the Scheduling and Planning Order ("Scheduling Order") entered in this case,[17] and for additional extensions of time.[18] On June 9, 2021, after amending the Scheduling Order for the second time, the Court cautioned the Parties "that further extensions of time will be granted sparingly and only for good cause shown."[19] On October 6, 2021, after granting Plaintiffs' unopposed Motion to Extend Certain Pretrial Deadlines,[20] the Court further advised the Parties: "Absent extremely compelling circumstances, the Court will not entertain further requests for extension."[21]

Plaintiffs filed their Cross-Motion over three weeks past the court-ordered deadline for dispositive motions and without an accompanying motion for leave of the Court to file late as required.[22] Plaintiffs appear to argue that the Cross-Motion was timely filed as "a response to Defendant[']s

---

[13] Dkt. 77 at 2–5.
[14] *Id.* at 4. Defendant explains that "Plaintiffs' oppositions, as well as the Cross-Motion, deal with overlapping issues of (1) the opinions and analysis of Plaintiff's expert Jack Belk (and his untimely supplementation), (2) res judicata and collateral estoppel, (3) comparative fault and the actions of Plaintiff, (4) post-sale duties to warn and recall, (5) substantive issues of defective design, and (6) punitive damages." *Id.* at 4.
[15] Dkt. 80 (Text Order).
[16] *Id.*
[17] Dkt. 15 (Scheduling Order dated February 28, 2020).
[18] *See* Dkts. 21 (Second Amended Scheduling Order), 26 (Third Amended Scheduling Order), 30 (Plaintiffs' Motion for Extension of Time), 34 (Order re Motion for Extension of Time), 38 (Plaintiffs' Motion to Extend Pretrial Dates), 42 (Plaintiffs' Motion for Extension of Time to File), 43 (Order re Motion to Extend Pretrial Deadlines and Motion for Extension of Time to File), 44 (Plaintiffs' Motion for Extension of Time to Complete Discovery), 45 (Text Order), 57 (Status Report), 62 (Order re Status Report), 66 (Motion for Extension of Time to File Response/Reply), 68 (Supplement to Motion for Extension of Time to File Response/Reply), 70 (Text Order).
[19] Dkt. 21 at 1.
[20] Dkts. 38, 42.
[21] Dkt. 43 at 2.
[22] *See* Dkts. 62, 75; L. Civ. R. 7.3(j)(1)–(2) (providing that "[a] document may be filed after the time for filing has lapsed only by leave of the court" and that "[l]eave of court must be obtained by motion").

Motion for Summary Judgment. . . ."²³ The Court sees no merit to this argument.²⁴ *All* dispositive motions in this case—including motions for summary judgment—were due on or before October 17, 2022.²⁵ The Court set this deadline as requested in Plaintiffs' own Status Report, which had proposed a dispositive motions deadline of October 17, 2022.²⁶ Plaintiffs proposed this deadline after the Court impressed upon the Parties at the August 26, 2022 Status Hearing that any further delay in moving the case forward would not be well received.

Absent leave of Court to file late, and especially in light of the Court's repeated warnings to the Parties regarding requests for further extensions, Plaintiffs' Cross-Motion for Summary Judgment is **REJECTED** as untimely filed. Consequently, Defendant's request regarding its deadline to file an opposition to the Cross-Motion for Summary Judgment is now **moot.** The deadline for Defendant to file a reply in support of its Motion for Summary Judgment remains the same and is due on or before **November 28, 2022.**

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: November 10, 2022

---

²³ *See* Dkt. 81 at 3–4.
²⁴ The Court observes that Plaintiffs filed an entirely separate, 35-page opposition to the Motion for Summary Judgment on the same day they filed the Cross-Motion for Summary Judgment. Dkt. 74 (Opposition to Motion for Summary Judgment).
²⁵ Dkt. 62.
²⁶ Dkt. 57 at 2 (Plaintiffs' Status Report).