IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM HYTER, *et al.*,<br><br>                Plaintiffs,<br><br>vs.<br><br>FREEDOM ARMS, INC., *et al.*,<br><br>                Defendants. | Case No. 3:19-cv-00292-JMK<br><br>**ORDER DENYING<br>RECONSIDERATION** |

       At Docket 117, Plaintiffs William and Sandra Hyter move the Court to reconsider its Order Regarding Defendants' Motion *in Limine* and Parties' Cross Motions for Summary Judgment at Docket 116. The Court did not invite an opposition. Plaintiffs also moved for leave to file an overlength motion at Docket 118.

       As explained below, Plaintiffs' *Motion for Reconsideration* is **DENIED**. Plaintiffs' *Motion for Leave to File Overlength Brief* is **GRANTED**. The Court reviewed the motion as filed.

       Reconsideration requires "showing of . . . manifest error of the law or fact; discovery of new material facts not previously available; or intervening change in the law."[1] Reconsideration is "an extraordinary remedy, to be used sparingly and in the

---
[1] Local Civil Rule 7.3(h)(1).

interests of finality and conservation of judicial resources."² "[A] party must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."³ Additionally, the three circumstances enumerated in Local Rule 7.3(h)(1) "are the sole grounds for granting a motion for reconsideration; such a motion 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'"⁴

Plaintiffs request that the Court reconsider or clarify its ruling in several different areas. Although they do not state it explicitly, it appears they believe the Court has committed manifest errors of the law and fact.

First, Plaintiffs argue that the Court erred in concluding that Mr. Belk is precluded from testifying to design defects under *Daubert*.⁵ In so doing, they press arguments that they failed to raise in their initial opposition to Defendants' *Motion in Limine*. The Court will not consider new arguments. Reconsideration is not warranted as to this issue.

Additionally, Plaintiffs argue that the Court should reconsider its grant of summary judgment in Defendants' favor on the issue of strict liability and risk utility. Plaintiffs suggest that the ruling was improper "given the realities of the physical

---

² *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quotations omitted).
³ *Blakney v. Prasad*, No. 3:18-CV-00089-TMB, 2019 WL 3253961, at *1 (D. Alaska July 19, 2019) (internal quotations and citations omitted).
⁴ *Id.* (quoting *Carroll*, 342 F.3d at 945).
⁵ Docket 117 at 1–7.

*Hyter, et al. v. Freedom Arms, Inc., et al.*     Case No. 3:19-cv-00292-JMK
Order Denying Motion for Reconsideration     Page 2
Case 3:19-cv-00292-JMK    Document 120    Filed 12/01/23    Page 2 of 3

evidence."[6] They do not identify this evidence and offer no basis for the Court to conclude it made an error of law or fact. Reconsideration is not warranted.

Plaintiffs assert that the Court should reconsider its ruling on negligence, arguing, without citation, that no expert evidence is needed to establish the standard of care required of a firearms manufacturer.[7] They further seek reconsideration of the Court's denial of their cross-motion for summary judgment, its ruling granting summary judgment in Defendants' favor on punitive damages, and its ruling on post-sale duty to warn or retrofit.[8] In each of these instances, Plaintiffs have not made a satisfactory showing of a manifest error, and reconsideration is not warranted.

Finally, Plaintiffs request that the Court clarify its ruling regarding the scope of Mr. Belk's potential testimony relating to causation.[9] Per the Court's order, Mr. Belk will not be permitted to testify that a design defect caused Mr. Hyter's injury, as the Court has excluded his opinion that the Model 83 has design defects. However, he will be allowed to testify that, in his opinion, the Model 83 has the potential to "drop fire."

IT IS SO ORDERED this 1st day of December, 2023, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
United States District Judge

---

[6] *Id.* at 8.
[7] *Id.* at 9.
[8] *Id.* at 9–10.
[9] *Id.* at 7.

*Hyter, et al. v. Freedom Arms, Inc., et al.* Case No. 3:19-cv-00292-JMK
Order Denying Motion for Reconsideration Page 3
Case 3:19-cv-00292-JMK   Document 120   Filed 12/01/23   Page 3 of 3